STATE OF DELAWARE *vs.* HOWARD McNETT.

*Criminal Law—Intoxicating Liquors; Selling without a License; Manufacturer of—License—Time for Sale—Place of Sale —Person Who can Sell Under the License.*

1. The right to manufacture, and the right to sell intoxicating liquors depend upon the license, and expire with the expiration of the term mentioned in the license·

2. The law authorizes the sale by the manufacturer of liquors only on the premises, that is, in the warehouse or on the premises where they are distilled. Such sale is not confined exactly to the building of the distillery, but it must be *bona fide* at or in a part of the manufacturing plant.

3. Such license authorizes the sale only by parties or party named in the license.

(*May 4, 1905.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Richards,* Attorney-General, and *Daniel O. Hastings,* Deputy Attorney-General, for the State.

*Richard R. Kenney* and *Arley B. Magee* for the defendant.

Court of General Sessions, Kent County, April Term, 1905.

INDICTMENT FOR SELLING LIQUOR WITHOUT A LICENSE.

STATEMENT OF FACTS.

It is hereby agreed by and between Robert H. Richards, Attorney-General, who prosecutes for the State of Delaware, plaintiff above named, and Kenney and Magee, Esquires, attorneys for the defendant, that the following is a true statement of the facts relevant to the above stated case, viz.:

The said Howard McNett on or about the first day of August, A. D. 1904, sold one quart of brandy (the same being intoxicating liquor) to George D. Cook, at the store of the said Howard McNett, at Blackstone's Cross Roads, in Kenton Hundred, Kent County, Delaware, which said store was the store of the said Howard McNett individually.

On the first day of September, A. D. 1903, Martin B. Burris, State Treasurer, did issue unto Elmer Bowdle and Howard McNett, the defendant, trading as Bowdle and McNett, a certain license in in the following words and figures, to wit:

"No. 19.

"In the name and by the authority of the State of Delaware.

"The State of Delaware, ss:

"John Hunn, Governor of the said State.

"To All Persons Whom these Presents May Concern, Greeting:

"This license is granted to Elmer Bowdle and Howard McNett, trading as Bowdle & McNett, of the Hundred of West Dover, in the County of Kent and State of Delaware, to follow the trade, business, pursuit, or occupation of DISTILLING OR MANUFACTURING SPIRITUOUS OR ALCOHOLIC LIQUORS FOR SALE; and further authorizes the said Bowdle & McNett to sell his products so manufactured in quantities not less than one quart, not to be drunk on the premises, they the said Bowdle & McNett having paid the sum of forty dollars to the STATE TREASURER, the fee due the said State therefor, conformably to the provisions of an Act of the General Assembly of the said State, entitled 'An Act to encourage the consumption of grain and raise revenue for State purposes,' passed at Dover, April 21, 1893.

"THIS LICENSE shall continue in force two months from the date hereof, and no longer.

"GIVEN UNDER MY HAND and countersigned by the Secretary of State, and sealed with the seal of his office, at Dover, the first day of September in the year of our Lord one thousand nine hundred and three.

(Seal of Secretary of State.)

"JOHN HUNN.

"CALEB R. LAYTON,
        Secretary of State.

"Issued by MARTIN B. BURRIS,
        State Treasurer."

That the "premises" referred to in said license where the liquors therein mentioned are by said license authorized to be distilled or manufactured are located in West Dover Hundred, Kent County, aforesaid, and about ten miles from the said store of said Howard McNett. That the said brandy so sold, as aforesaid, was manufactured within the term of said license by said Bowdle and McNett at the "premises" aforesaid.

It is further agreed that if the said license so as aforesaid issued to Bowdle & McNett is sufficient to authorize the said sale of brandy to said George D. Cook then the jury shall be instructed to acquit the defendant, otherwise the jury shall be instructed to find said defendant guilty, under the indictment in the case.

The State made the following contentions:

1.   That the sale of the liquor is confined to the "premises" where manufactured.

*State vs. Wye, 55 Mo., 67 (68); State vs. Whissenhunt, 98 N. C., 682 (684); State vs. Prettyman, 3 Harr., 570.*

2.   A member of a firm of licensees cannot sell for his individual benefit.

3.   The licensee cannot sell after the expiration of his license.

### ARGUMENT BY THE DEFENDANT'S COUNSEL.

See statute, *Revised Code, 420.*

*First.*   *Chapter 555, Volume 19, Laws of Delaware,* is a penal statute and must be construed strictly and shall not be extended by construction.

It is therefore to be construed strictly in respect to the offense, and as it contains no express or positive terms prohibiting the defendant from selling his manufactured product at places other than the places of manufacture, the statute must be construed to mean

that he had a right to sell the manufactured products at any places, "in quantities not less than one quart, not to be drunk on the premises."—*Hall vs. State, 4 Harr., 132 (141)*.

Fruit distillers move from place to place.

"The uniform construction heretofore given by the legal profession, and the general acquiescence of all classes of the community on the subject is a strong argument in the construction of a law." *Hall vs. State 4 Harr., 132 (139)*.

Had it been the intent of the Legislature to have confined the sale of the manufactured product to the premises where it was manufactured they would have so stated, for all other laws in this State relating to the sale of intoxicating liquors require that the place of sale shall be designated and the quantity to be sold; and the manner and to whom the same is sold is likewise prescribed by law, and in the absence of words in the statute limiting the sale to the premises where manufactured the presumption is that it was the intent of the Legislature that they should have the right to sell the manufactured product at any place away from the premises.

"If a party has a license to manufacture intoxicating liquors it means that he has a right to sell the same—he has whatever privilege that license grants."—*(3 Pennewill, 284 (285)*.

The latter part of *Section 1, page 70* of the *Revised Code* confers the right on the manufacturer to sell his product, he being a distiller.

A manufacturer is not the keeper of an inn or tavern. The Legislature has by law confined the sale of intoxicating liquors by keepers of inns or taverns, to persons to be drunk on the premises, and has likewise specified the quantity.

Manufacturers are required to sell in bulk, and not being permitted to sell by the drink the intent of the law is that they shall have a right to sell at any place where they may find a market for their manufactured products.

"The manufacturer may sell through his clerks and agents." —*Jeffries vs. State, 52 Arkansas, 420 (422)*.

LORE, C. J., charging the jury :

Gentlemen of the jury :—The case which you are empanelled to try is that of the State vs. Howard McNett, who is indicted for selling liquor without a license.   It appears from the statement of facts agreed to by counsel that Mr. McNett took out a manufacturer's license, which on its face purports to be a license for two months, to manufacture liquor and sell the same in quantities of not less than a quart not to be drunk on the premises.

The defense is founded upon a statute passed in 1893, the first section of which is in this language :

"Section 1.   That every distiller or manufacturer of spirituous or alcoholic liquors for sale shall before beginning such manufacture and each and every year during which he shall operate his distillery or factory procure a license from the said State Treasurer which shall authorize the operation thereof and shall pay to said State Treasurer for the use of the State an annual license fee of two hundred dollars or a monthly license the sum of twenty dollars, and such license shall only be held to authorize the holder thereof to operate his distillery or factory during the time therein expressed and shall authorize such holder to sell his products in quantities not less that one quart which shall not be drunk on the premises."

The Court in construing that section hold that the license itself, is the authority not only for the manufacture but for the sale, and the right to manufacture and the right to sell depend upon the license and expire with the expiration of the term mentioned in the license ; and, further, that the law authorizes the sale by the manufacturer of liquors only on the premises, that is, in the warehouse or on the premises where they are distilled.   We do not mean to say that such sale is confined exactly or precisely to the building of the distillery, but it must be *bona fide* at or in part of the manufacturing plant.

We say to you further that the license authorized such sale only by the parties named in the license.   In this case it seems that the liquor was sold at a store ten miles away from the place of manufacture ; that it was sold after the license, which was only for

two months, had expired, and by one of the members of the firm (who had obtained the license as a firm) as an individual in his store.

We have given you these specific instructions on these points because we feel it necessary for the enlightenment of manufacturers of liquor in this State. There seems to have been a misapprehension of the meaning of the law.

Upon the facts as stated, the defendant has violated the law.

We therefore instruct you to return a verdict of guilty.

. Verdict, guilty.